## HOWE *v.* BRADSTREET COMPANY *et al.*

If there are two distinct publications of the same libel, and there is no concert of action between the first and second publishers, a joint action against them will not lie.

JANUARY 10, 1911.

Action for libel. Before Judge Mitchell. Lowndes superior court. November 16, 1909.

*G. A. Whitaker, H. B. Simmons,* and *Shipp & Sheppard,* for plaintiff.

*Smith, Hammond & Smith* and *Denmark & Griffin,* for defendant.

EVANS, P. J. R. E. Howe brought suit in the superior court of Lowndes county against Joseph Stump of that county, and the Garrett-Williams Company and the Bradstreet Company, non-resident corporations, to recover damages for the publication of an alleged libel. The defendant Stump was served, the Garrett-Williams Company was dismissed as a party defendant, and the Bradstreet Company's agent was served by second original in Bibb county. The petitioner alleged that he was a retail liquor dealer doing business at De Soto, Georgia, the Garrett-Williams Company was a wholesale liquor dealer of Baltimore, Maryland, that sold him goods on credit, the Bradstreet Company was a mercantile corporation of New York, engaged in the business of furnishing reports for a moneyed consideration to wholesale dealers, on which reports they would grant credit to merchants, and Stump was the travelling salesman of the Garrett-Williams Company; that the Bradstreet Company, about October 1, 1906, for a valuable consideration, furnished to the Garrett-Williams Company a written report, which was set out in hæc verba, the substance of which was to impute to the plaintiff the crime of arson; that on October 6 the Garrett-Williams Company sent the writing to its salesman, Stump, who, on October 8, at the instance of his employers, mailed it to S. L. Sills at Americus, Georgia, who "was a wholesale liquor dealer or distributor at Americus, Georgia, and sold goods in De Soto, Georgia, and the goods of the said Garrett-Williams Company which was sold to plaintiff at De Soto, Georgia, was sold through and by the advice of the said S. L. Sills, and said report being of and concerning your petitioner, it was natural and expected that when the said Garrett-Williams Company re-

ceived the same that it would be referred to the said S. L. Sills."
It was alleged that the report was false and maliciously published.
The Bradstreet Company demurred to the petition, on the ground
that under the allegations it was not jointly liable with the local
defendant, and that the court was without jurisdiction as to it.
The demurrer was sustained.

Under the constitution (Civil Code, § 5872), suits against joint
trespassers residing in different counties may be tried in either
county.   Persons who jointly publish a libel are joint trespassers
within this constitutional provision.   *Cox* v. *Strickland, 120 Ga.*
104 (47 S. E. 912).   The demurrer raises the point that the
Bradstreet Company and ·the local defendant, under the allega-
tions of the petition, did not jointly publish the alleged libel, and
therefore the former could not be sued in the county of the resi-
dence of the latter.   Publication of a libel is essential to a re-
covery.   All who engage in the publication of the writing are lia-
ble as publishers; and where they jointly engage in the publica-
tion, their act is joint, and they may be jointly sued.   After a
libel is published and subsequently the same libel is again pub-
lished by an independent party, without participation by the first
publisher, the republication is independent and separate from the
first publication.   It is an independent tort.   It is no defense to
the republication of a libel by one other than the first publisher
that the person defamed has been given damages against the first
publisher, as the damages allowed in the first action were given
only for the first publication.   Hunt *v.* Algar, 6 C. & P. 245;
Creevy *v.* Carr, 7 C. & P. 64.   If a country newspaper copy and
publish a libelous article from a London newspaper, the country
paper makes the article its own.   Talbutt *v.* Clark, 2 M. & Rob.
212.   Each publication of the libel by different persons constitutes
a separate and distinct wrong to the aggrieved party.   If the origi-
nal publisher does not participate in a republication of the libel
by another, he is not liable in a joint action with the second pub-
lisher.   "If there are two distinct publications of the same libel,
one by A separately, the other by B, two actions must be brought,
one for each publication."   Newell on Slander and Libel, § 42.
It may be that the facts attending the second publication are such
as to hold the original publisher liable in an independent action
for damages accruing from the republication.   If it were a natural

consequence of the Bradstreet's report to the Baltimore merchants that they should deliver that report to their salesman, who in turn should deliver it· to the Americus dealer, the Bradstreet Company would be.liable for it as the probable consequence of its own wrong.   This results from the fundamental principle of tort liability,—that one is responsible for the natural consequences of his wrongful act, although the wrongful act of a third person may concur in bringing about such consequences.   Zier *v*. Hofflin, 33 Minn. 66 (53 Am. R. 9).   But in such cases his liability does not spring from any concert of action with the person who republishes the libel, but because under such conditions the last publication is his publication.   In 1 Jaggard on Torts, 209, it is said that "Where two or more persons participate in concerted action to commit a common tort, they are called joint tort-feasors." *Central Ry. Co.* v. *Brown,* 113 *Ga.* 414(3), 419 (38 S. E. 989, 84 Am. St. R. 250).   According to the petition the libel was published by the Bradstreet Company to Garrett-Williams Company of Baltimore, Maryland.   It is alleged that this company sent a copy of it to its agent, Stump, and that through Stump it also sent a copy of it to S. L. Sills. · The petition is projected on the theory that the local defendant is a joint tort-feasor with the Bradstreet Company; but it alleges no concert of action between the Bradstreet Company and the local defendant, Stump, in the publication of the libel by the latter.   On the contrary three distinct and separate publications are alleged: (1) that of the Bradstreet Company to Garrett-Williams Company, (2) that of Garrett-Williams Company to Stump, and (3) that of Garrett-Williams Company, acting through its agent Stump, to Sills.   According to the petition the local defendant, Stump, did not join in the original publication of the libel by the Bradstreet Company to his employers, nor did the Bradstreet Company join the local defendant in his republication to Sills.   The court therefore properly dismissed the Bradstreet Company from the case.

*Judgment affirmed.   All the Justices concur, except Fish, C. J., absent.*