### ROSENWASSER et al. v. OGOGLIA. (No. 1.)

(Supreme Court, Appellate Division, Second Department. March 31, 1916.)

TORTS ☞8—RIGHT OF PRIVACY—FIRMS.

    Civil Rights Law (Consol. Laws, c. 6) § 50, declares that a person, firm, or corporation using for advertising purposes or purposes of trade the name, portrait, or picture of any living person without having first obtained written consent of such person, or, if a minor, of his parent or guardian, is guilty of a misdemeanor; while section 51 declares that any person whose name, portrait, or picture is used for advertising purposes, or for the purposes of trade, may maintain an equitable action against the person, firm, or corporation so using his name, portrait, or picture, to prevent and restrain the use and to recover damages. *Held* that, as the purpose of the law was to preserve the privacy of individuals from unsought publicity, it does not extend to the name of a copartnership, which is an association of persons for business purposes only.

    [Ed. Note.—For other cases, see Torts, Cent. Dig. § 8; Dec. Dig. ☞8.]

Appeal from Special Term, Queens County.

Action by Harry Rosenwasser and another against Michele Ogoglia. From an order denying defendant's motion for judgment on the pleadings, and overruling his demurrer to the complaint, defendant appeals. Order reversed, and motion granted.

See, also, 158 N. Y. Supp. 59.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Solomon S. Schwartz, of Brooklyn, for appellant.

Meyer Kraushaar, of New York City (Emanuel Celler, of New York City, on the brief), for respondents.

JENKS, P. J. I think that the name of a copartnership is not within the purview of section 51 of the Civil Rights Law. Probably the in-

centive of this statute is Roberson v. Rochester Folding Box Co., 171 N. Y. 538, 64 N. E. 442, 59 L. R. A. 478, 89 Am. St. Rep. 828. See Rhodes v. Sperry & Hutchinson Co., 193 N. Y. 226, 85 N. E. 1097, 34 L. R. A. (N. S.) 1143, 127 Am. St. Rep. 945. "The key to correct construction of both Constitution and statute is the evil sought to be remedied thereby." Lord v. Equitable Life Assurance Society, 194 N. Y. at page 224, 87 N. E. at page 447 (22 L. R. A. [N. S.] 420). The circumstances at the time of the passage of the act may be considered in regard to its construction and interpretation. O'Brien v. Mayor, 139 N. Y. 588, 35 N. E. 323; Tonnele v. Hall, 4 N. Y. 144; Duryee v. Mayor, 96 N. Y. 494. It is plain that the Legislature intended to extend the power of the equity court in enforcement of the legal doctrine of the right of privacy. See remarks of Willard Bartlett, J., in Rhodes' Case, supra, 193 N. Y. 227, 85 N. E. 1097, 34 L. R. A. (N. S.) 1143, 127 Am. St. Rep. 945.

This statute is now a part of the Civil Rights Law and of an article thereof entitled "Right of Privacy." "Civil rights" refers to the individual rights of a person. Thus in Bowles v. Habermann, 95 N. Y. 246, the court, per Earl, J., say that ordinarily the expression "civil rights" means:

"All those rights which the laws give a person—which depend upon the laws of the community in which he lives and of which he is a member."

They are such rights as are afforded by law at the instance of a private individual to enhance his peace and happiness. Percey v. Powers, 51 N. J. Law, 432, 17 Atl. 969, 14 Am. St. Rep. 693; Anderson's Law Dict. 185; Burr. Law Dict. 296, approved in State of Iowa v. Chicago, B. & Q. R. Co. (C. C.) 37 Fed. 498, 3 L. R. A. 554. The doctrine known as the right of privacy rests upon the proposition that an individual as a private person should be protected from unsought publicity. It is a right peculiar to the individual as a private person —described by Judge Cooley as the right "to be let alone." Cooley on Torts (3d Ed.) vol. 1, p. 33. Such is the character of this right as considered by Parker, C. J., for the court, and by Gray, J., for the dissentients, in Roberson's Case, supra.

Now, prohibition of the use of name, portrait, or picture of a private person without his consent is entirely logical, as in furtherance of such a right. But the extension of such protection to the name of a copartnership is not logically justifiable. For, although necessarily a copartnership is composed of individuals, it does not gather into itself the rights of those individuals as private persons, respectively, in relation to the community in which they live. A copartnership is an association of persons for business purposes only. Such association as an entity does not resemble an individual as a private person to the extent of being entitled by analogy to his right of privacy. The essential character of an association for business does not require for its work a right of privacy which is afforded to an individual as a private person.

The name of a person is for distinction, as is the name of a copartnership, as is the name of anything. To prohibit, without express

consent, the use of a person's name by another for purposes of trade or advertisement, prohibits the use of a name which was not taken for trade purposes, and which serves many other purposes. To prohibit, without express consent, the use by another for trade, or for advertising purposes, of a copartnership name taken only for trade purposes, might affect adversely the interest of the copartnership in the output of its business, or might bring about much vexatious and even absurd litigation. I think, then, that there is no "parity of reason," to use the expression of Allen, J., in Ayers v. Lawrence, 59 N. Y. 199, that justifies the inclusion of the name of a copartnership as within the purview of this statute.

The term of the statute is "person." In this state the general rule is that a copartnership is not regarded as a legal entity separate and distinct from the several partners. Jones v. Blun, 145 N. Y. 341, 39 N. E. 954. See, too, Matter of Peck, 206 N. Y. 60, 99 N. E. 258, 41 L. R. A. (N. S.) 1223, Ann Cas. 1914A, 798. People v. Knapp, 206 N. Y. 382, 99 N. E. 841, Ann. Cas. 1914B, 243. In English law a firm is not a person. Lord Halsbury's Laws of England, vol. 22, p. 5. A copartnership is not included within the term "person," as defined by section 37 of the General Construction Law (Consol. Laws, c. 22)—which is generally applicable to every statute (section 110, Id.)—although such term does include corporations and joint-stock associations, doubtless for the reason that they are the creatures of legislation. United States v. Fox, 94 U. S. 321, 24 L. Ed. 192. Both in said section 51 and in section 50 of this Civil Rights Law, the Legislature by expression make a distinction between person, firm, or corporation in its enumeration of those who are prohibited. If the Legislature had intended to protect the name of a copartnership, as well as the name of a person, it could have so provided by similar specific expression.

Of course, if the Legislature had included specifically the name of a copartnership, the statute could not be affected by a judicial opinion that such legislation, so far as it rested upon a right of privacy, was illogical. It may be conceded that the extension of the prohibition to copartnership names might be beneficial in some instances, but the question under consideration is whether the statute should be thus interpreted.

All that I advise should be decided is that the said statute is not extended to the name of a copartnership, and that the remedy afforded thereby is not available by a copartnership name. There are other remedies which are at hand for wrong done by the use or misuse of such name.

The order is reversed, with $10 costs and disbursements, and the motion is granted, without costs.

THOMAS, MILLS, and RICH, JJ., concur. CARR, J., not voting.