ROSENWASSER et al. v. OGOGLIA.  (No. 2.)

(Supreme Court, Appellate Division, Second Department.  March 31, 1916.)

Appeal from Special Term, Queens County.

Action by Harry Rosenwasser and another against Michele Ogoglia. From an order granting a motion, defendant appeals. Order reversed, and motion denied.

See, also, 158 N. Y. Supp. 56.

Solomon S. Schwartz, of Brooklyn, for appellant.

Meyer Kraushaar, of New York City (Emanuel Celler, of New York City, on the brief), for respondents.

PER CURIAM.  Order reversed, with $10 costs and disbursements, and motion denied, without costs.  See Rosenwasser v. Ogoglia (Appeal No. 1) 158 N. Y. Supp. 56, decided herewith.

JENKS, P. J., and THOMAS, MILLS, and RICH, JJ., concur.  CARR, J., not voting.

---

McLEAN v. McLEAN et al.

(Supreme Court, Westchester County, Special Term.  March 24, 1916.)

1. WILLS ⬤⟿693(4)—POWERS—EXECUTION—CONFORMITY TO POWER.
    J. gave property in trust for his son C. for life, with power to appoint one-third of the fund to his wife or to the testator's lineal descendants, or to any or either of them in such manner and proportions as he deemed proper.  C. bequeathed the property as to which he had the power of appointment to his wife for life or during widowhood and gave her power to appoint the principal to certain corporations.  His will also gave the residue and remainder of his estate to his wife.  *Held*, that J.'s will authorized an appointment by C. to the persons therein mentioned and no others, and C. was not authorized to give the property directly to such corporations or indirectly by giving his wife a power of appointment in their favor.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1655; Dec. Dig. ⬤⟿693(4).]

2. POWERS ⬤⟿39—FAILURE TO EXECUTE POWER OF APPOINTMENT.
    Even though the power of appointment given the wife had been valid, it would not avail the corporations, where the wife did not execute it, but made a different disposition of the property.
    [Ed. Note.—For other cases, see Powers, Cent. Dig. §§ 153, 154; Dec. Dig. ⬤⟿39.]

3. POWERS ⬤⟿37—INVALID EXECUTION OF POWER—CONSTRUCTION.
    The power given the wife could not be eliminated from C.'s will, thus leaving a valid execution of the power and vesting the fee in the wife, nor treated as a general beneficial power by regarding the direction for an appointment to the corporations as precatory.
    [Ed. Note.—For other cases, see Powers, Cent. Dig. § 150; Dec. Dig. ⬤⟿37.]

4. WILLS ⬤⟿693(4)—EXECUTION OF POWER OF APPOINTMENT—CONFORMITY TO POWER.
    The appointment to the wife for life or during widowhood was clearly within the terms of the power and was valid.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1655; Dec. Dig. ⬤⟿693(4).]

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes