GINETTE JACCARD, Also Known as GINETTE DEPARIS, and GINETTE DEPARIS, INC., Plaintiffs, *v.* R. H. MACY & Co., Defendant.

Supreme Court, Special Term, New York County, March 28, 1941.

*Davidson & Mann* [*Gustave B. Garfield* of counsel], for the plaintiffs.

*Leon Lauterstein* [*Leon Lauterstein, Emanuel Dennett* and *Joseph F. Finnegan* of counsel], for the defendant.

HOFSTADTER, J. The individual plaintiff brings this action for an alleged violation of sections 50 and 51 of the Civil Rights Law and joins with the corporate plaintiff in seeking damages for unfair competition. Ginette Jaggard, who is a well-known dress designer, originally filed a certificate to do business under the assumed name of " Ginette deParis " and thereafter engaged in business under that name. In 1935 she caused to be formed a corporation known as Ginette deParis, Inc., and granted to it the sole and exclusive right to use the name she had adopted in connection with the sale of dresses.

The violation alleged is the use of the name " Ginette deParis " in connection with the sale of patterns of a dress designed by the plaintiff.

It is clear that no cause of action has been established. Neither a partnership name (*Rosenwasser* v. *Ogoglia*, 172 App. Div. 107), nor a corporate name (*Madison Square Garden Corp.* v. *Universal Pictures Co., Inc.*, N. Y. L. J. June 9, 1938, p. 2789, SHIENTAG, J.) is within the protection of the Civil Rights Law. It follows logically that a name assumed for business purposes only, the exclusive use of which has been granted to a corporation, is in the same category. (Cf. *Gardella* v. *Log Cabin Products Co.*, 89 F. [2d] 891.)

In no aspect do the facts establish the charge of unfair competition. Judgment for the defendant.