Sidney A. Fine, J.
This is a motion (1) to dismiss the 5th through 62nd causes of action for alleged insufficiency, and (2) the 5th through 32nd causes on the basis of the Statute of Limitations.
Causes of action 5 to 11, inclusive, 19 to 25, inclusive, and 35 to 48, inclusive, allege that the plaintiff corporations’s common-law right of privacy, under the laws of seven named sister States of New York, was violated by the publication in these States of statements contained in pamphlets published by defendant. There is no common-law right of privacy in this State (Roberson v. Rochester Folding Box Co., 171 N. Y. 538). The right of privacy is created by statute (see Civil Rights Law, §§ 50, 51). There are statements in cases decided elsewhere that a corporation has no right of privacy (Vassar Coll. v. Loose-Wiles Biscuit Co., 197 Fed. 982; United States v. Morton Salt Co., 338 U. S. 632, 652; Maysville Tr. Co. v. Ort, 296 Ky. 524; Ann. 14 A. L. R. 2d 750, 758; Ann. 168 A. L. R. 446, 454; 138 A. L. R. 22, 59). There is no corporate right of privacy under the New York statute, for the purposes of a civil action for violation of section 51 of the Civil Rights Law (Jaccard v. Macy & Co., 176 Misc. 88, affd. 265 App. Div. 15). Whether, under the laws of any of the seven sister States upon which the corporation’s causes of action are predicated, a corporation has a right of privacy, is a question of fact. The complaint, although it alleges that a right of privacy exists under the laws of said States, does not allege that corporations possess such a right under those laws.' The decisions of the courts of these States,, to which reference is made in the complaint, did not involve actions by corporations. In the circumstances, all the *601 corporation’s causes of action for violation of its alleged right of privacy, under the laws of the seven States, are insufficient.
Causes of action 12 to 18, inclusive, 26 to 32, inclusive, and 49 to 62, inclusive, are asserted by the individual plaintiff. The cases cited in the complaint sufficiently establish, for pleading purposes, that the individual plaintiff, under the laws of said seven States, possessed a common-law right of privacy which was violated by the publication in these States of the various articles complained of. Whether said plaintiff had become newsworthy at the times the articles were published or had no right of privacy for other reasons, does not appear from the allegations of the complaint. It is for defendant, if it is so advised, to plead in its answer such matters as, in its opinion, establish that the individual plaintiff did not possess a right of privacy under the laws of the seven States.
The claim that some of the causes of action for violation of a right of privacy are barred by the one-year Statute of Limitations is without merit. The publications complained of in the 5th through 32nd causes of action took place on April 3, 1961. They were not pleaded in this action until service of the amended complaint on September 14, 1962. The one-year Statute of Limitations, section 51 of the Civil Practice Act, although it expressly covers libel and slander actions, does not mention causes of action for violation of a right of privacy. Subdivision 8 of section 49 of the Civil Practice Act permits suit within three years “ for a violation of the right of privacy under section fifty-one of the civil rights law”. There is no express statutory limitation for actions based on violations of the common-law right of privacy existing under the laws of some other jurisdictions. In the circumstances, the six-year statute (Civ. Prac. Act, § 48, subd. 3) probably governs. At any rate, the one-year statute is inapplicable here.
Defendant contends that, under the law of New York, publication of a pamphlet or magazine in more than one State is regarded as a single publication. It argues that, because the complaint alleges that defendant does business in New York and the individual plaintiff resides in this State, New York is the jurisdiction with the most significant contacts with the publication, and, therefore, the State whose law is controlling (see Auten v. Auten, 308 N. Y. 155, 160-161). Accordingly, since the allegations of the causes of action do not establish good causes of action under section 51 of our Civil Rights Law, defendant urges that the causes of action must be dismissed. There is, however, no allegation in the complaint that defendant was not also doing business in the seven States where publica *602 tions were also made. For aught that appears in the pleading, the particular pamphlets published in the seven States may have been printed, issued and circulated in these States without ever having had any physical presence in this State.
It is true that in the case of a libel published in New York and other States, the Court of Appeals has held that there is but a single publication for purposes of the Statute of Limitations (Gregoire v. Putnam’s Sons, 298 N. Y. 119). We may assume, without deciding, that our courts would ordinarily apply the same single publication theory to the publication of an article in violation of a right of privacy, for purposes of determining a question of its sufficiency, as well as for purposes of the Statute of Limitations. It is seriously doubtful, however, whether this would be done in a situation where application of the single publication rule and New York law would result in the dismissal of a complaint, based only on plaintiff’s common-law right of privacy in other States, on the ground that there is no common-law right of privacy in New York. No case so holding has been called to the court’s attention. Intimations to the contrary are contained in a number of opinions of our courts (see Cardy v. Maxwell, 9 Misc 2d 329, 332; Pittera v. Parade Pubs., 30 Misc 2d 706, 707). Where as here, a complaint contains insufficient allegations to establish that this State had the most significant contacts with the publications complained of, the court is of the opinion that the complaint should not be dismissed on the theory that the law of New York is the controlling law as to causes of action for violation of the common-law right of privacy of other States (and that therefore the failure to make out a good ease under the New York statute on privacy is fatal).
It remains to consider the sufficiency of the 33rd and 34th causes of action asserted by the corporate plaintiff. These causes of action sound in libel. They allege that defendant published a report of a judicial proceeding in which the lower court had charged the corporate plaintiff with a ‘ ‘ malevolent purpose ”, although defendant knew or should have known at the time that the Court of Appeals had reversed the lower court’s holding. Although the Court of Appeals did not expressly state that it disagreed with the charge of a “malevolent purpose ”, it might well be that, had those reading the defendant’s article also been made aware of the opinion of the Court of Appeals, they would have regarded that opinion as disavowing the existence of a “malevolent purpose ”, or, at least, as taking most of the sting out of the lower court’s finding of a “ malevolent purpose ”. “A workable test is whether the libel as published would have a different effect ou the mind of *603 the reader from that which the pleaded truth would have produced.” (Fleckenstein v. Friedman, 266 N. Y. 19, 23.) The failure to mention the reversal, in this court’s opinion, deprives the publication of the absolute privilege accorded to a fair and true report of a judicial proceeding. The causes of action are sufficient for pleading purposes. Privilege, if claimed, must be asserted as a defense, in the circumstances disclosed.
The motion is granted to the extent of dismissing causes of action 5th to 11th, inclusive, 19th to 25th, inclusive, and 35th to 48th, inclusive, as insufficient, and otherwise denied, with leave to serve an amended complaint within 20 days from the service of a copy of this order with notice of entry.