24658. B-W ACCEPTANCE CORPORATION v. CALLAWAY.

UNDERCOFLER, Justice. This appeal is from the overruling of a general demurrer and 64 special demurrers. The plaintiff claims damages for invasion of privacy and tortious conduct by the defendant and prays that it be enjoined from harassing her. The petition alleges that the plaintiff's husband entered into a purchase agreement for certain household furniture in 1965 whereby a deferred balance was to be paid in monthly instalments; that shortly thereafter the plaintiff's husband deserted her; that since September 1965, the defendant has harassed her constantly with threatening notices, abusive and profane telephone calls at all hours, personal visits to her home which included entering therein over her protests and cursing her; that although she was not obligated to pay such indebtedness, she made certain payments to defendant from time to time in an effort to stop such harassment but it continued; that she contacted an attorney and he advised the defendant of the substantial detrimental effects the harassing tactics were having on the plaintiff; that the defendant was notified of the husband's address but ignored such information; that as a result of the harassing tactics of the de-

fendant, the plaintiff has suffered permanent impairment of her health and has had to obtain medical and psychiatric treatment for emotional disturbance; that the acts of the defendant's agents and employees were wilful and done with the intent to injure plaintiff; that the defendant knew or should have known that the course of conduct it deliberately and intentionally followed would produce the injuries and damages enumerated.

The pleadings were filed prior to the effective date of the Civil Practice Act. However, the rulings were made thereafter and under the provisions of said Act. Ga. L. 1966, pp. 609, 671; 1967, pp. 8, 226, 250 (*Code Ann.* § 81A-186).

Appellant contends that its general demurrer was converted into a motion to dismiss under the Civil Practice Act and in addition to challenging the sufficiency of the petition also subjects it to dismissal under Section 8, Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230 (*Code Ann.* § 81A-108), for not being short and concise. Appellant further contends that its special demurrers were converted under said Act into motions to strike as well as motions for a more definite statement where said special demurrers so indicated. Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231 (*Code Ann.* § 81A-112 (e, f)). *Held:*

1. The petition states a claim upon which relief can be granted. *Pavesich v. New England Life Ins. Co.,* 122 Ga. 190 (50 SE 68, 69 LRA 101, 106 ASR 104, 2 AC 561); *Pinkerton Nat. Detective Agency v. Stevens,* 108 Ga. App. 159 (2) (132 SE2d 119).

2. Assuming without deciding that a petition may be dismissed under Section 8 of the Civil Practice Act (Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230; *Code Ann.* § 81A-108 (a)) for not containing a short and plain statement of the claim, we do not find that the petition in the instant case is that redundant and excessive.

3. We have reviewed carefully and at length the special demurrers both as motions to strike and, where indicated, as motions for a more definite statement. We find the lower court erred in not sustaining demurrers numbers 3, 4, 5, 6, 7, 8, 9, 10, 11, 11A, 12, 20, 22, 31 and 35.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED MAY 16, 1968—DECIDED MAY 23, 1968.

*Neely, Freeman & Hawkins, Edgar A. Neely, Jr.,* for appellant.
*Spearman, Bynum & Goodwin, William L. Spearman,* for appellee.