Willis **COPLEY** and **Wilburn Bias**, Partners, dba **C & B Blueprint Company**, Plaintiffs,

v.

**NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY**, a corporation, and **Retail Credit Company**, a corporation, Defendants.

Civ. A. No. 2436.

United States District Court
S. D. West Virginia,
Huntington Division.

July 23, 1968.

---

5. Allied Realty of St. Paul v. Exchange Nat'l Bank of Chicago, 283 F.Supp. 464 (D.Minn. 1968).

James W. St. Clair, Marshall, Harshbarger & St. Clair, Huntington, W. Va., for plaintiffs.

R. G. McNeer, Campbell, McNeer, Woods, Bagley & Emerson, Huntington, W. Va., for defendant Northwestern Mut. Life Ins. Co.

W. T. O'Farrell, Jackson, Kelly, Holt & O'Farrell, Charleston, W. Va., for defendant Retail Credit Co.

CHRISTIE, District Judge:

This case was originally instituted in the Circuit Court of Cabell County, West Virginia, and was removed to this court on the basis of diversity of the parties and requisite amount in controversy, pursuant to the provisions of 28 U.S.C.A. Section 1441 et seq. We are presently concerned with defendant Retail Credit Company's motion to dismiss, made pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, wherein it is alleged that as to it, the complaint fails to state a claim upon which relief can be granted.

I

## FACTUAL BACKGROUND

The facts of the present case, as distilled from the well-pleaded allegations in the plaintiffs' complaint, may be summarized as follows:

The defendant insurance company sold plaintiffs life insurance policies in February of 1968. At the time, plaintiffs were informed that an investigation would be necessary in order to verify certain factual information given in connection with the policies, however, Northwestern assured plaintiffs that any

information divulged as a result of this investigation would be "strictly confidential and * * * delivered only to the insurance company." Retail Credit Company was engaged by the insurance company to make the investigation and shortly thereafter its agents visited plaintiffs, advising them that they were there to gather information concerning plaintiffs' business in behalf of Northwestern Mutual. Plaintiffs provided the agents with the requested information only after receiving assurance that the "information would not be released to any persons other than the insurance company." It is alleged that shortly thereafter Retail Credit Company "informed plaintiffs' competitors of said information," despite the fact that they had previously agreed not to do so. Plaintiffs complain that this divulging of information "breached the confidential and fiduciary relationship between the plaintiffs and defendants and constituted a breach of plaintiffs' right to privacy." In the alternative plaintiffs complain that the Retail Credit Company disclosed the confidential material to their competitors "willfully, maliciously, knowing full well that at the time" such information was solicited it was not necessary for the procuring of life insurance policies.

 In this action plaintiffs rest their claim upon two alternative theories, the first of which involves an alleged invasion of privacy; the second involves a wrongful disclosure of information concerning plaintiffs' business allegedly given in confidence. It is the Retail Credit Company's contention that, even assuming the truth of the allegations in the complaint, plaintiffs have failed, under the applicable law, to state a claim upon which relief can be granted. Thus, assuming for the purposes of this motion the truth of the allegations contained in the complaint, we now turn to the question of whether plaintiffs have under either theory stated a claim upon which relief can be granted. In view of the fact that our jurisdiction rests upon the diversity of citizenship of the parties, it is to the law of the state of West Virginia that we must look to determine the issues raised by Retail Credit Company in its motion. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

## II

## THE RIGHT OF PRIVACY AND THE INVASION THEREOF

In their complaint, plaintiffs allege that the communication of the "facts and statistics concerning their business" to competitors constituted an invasion or "breach" of their "rights to privacy." Retail Credit Company contends that no such "right" attaches to this type of information and that plaintiffs cannot, therefore, complain of an invasion of the same.

 While the right of privacy is of relatively recent origin, it has been recognized and upheld in the majority of jurisdictions which have been called upon to decide the question. West Virginia is among the jurisdictions which have recognized this right and, under the proper circumstances, would presumably afford a remedy to one complaining of an invasion of such right. Roach v. Harper, 143 W.Va. 869, 105 S.E.2d 564 (1958). However, the protection of the right of privacy afforded by the law is primarily designed to protect personal feelings and sensibilities rather than business or pecuniary interests, and accordingly such protection has been denied when asserted by corporations, partnerships or other institutional bodies. 41 Am.Jur. Privacy, Section 15 (1942); Rosenwasser v. Ogoglia, 172 App.Div. 107, 158 N.Y.S. 56 (1916); Oasis Nite Club, Inc. v. Diebold, Inc., 261 F.Supp. 173 (D.C.Md.1966). In this action, plaintiffs have alleged only a disclosure of "facts and statistics concerning their business." Such disclosure relating only to private matters of a business nature is not subject to the protection contemplated by the right of privacy as it has been developed by the courts. Accordingly, that portion of plaintiffs' complaint

against Retail Credit Company alleging a "breach of privacy" must be dismissed for failure to state a claim upon which relief can be granted. However, in view of the remarks made in plaintiffs' brief that certain portions of the information disclosed related to personal rather than business matters, this dismissal as to Retail Credit Company is made without prejudice and with leave to the plaintiffs to amend the complaint to conform with the requirements outlined above for stating a cause of action for invasion of privacy if it be determined the facts warrant it.

### III

### DISCLOSURE OF CONFIDENTIAL INFORMATION

■ In addition to the alleged invasion of privacy, plaintiffs assert in their complaint the disclosure in confidence of "facts and statistics concerning their business" to agents of Retail Credit Company and the subsequent communication of this information by Retail Credit Company to plaintiffs' competitors. As Retail Credit Company has pointed out in its brief, no West Virginia cases have been found discussing the question of whether or not a cause of action is afforded under West Virginia law for the disclosure of business information, given in confidence, to competitors or rivals. Nevertheless, this absence of applicable state law does not require us to dismiss plaintiffs' complaint. Rather it requires us to determine the rule which the West Virginia Supreme Court "would probably follow" if called upon to decide the question initially. Lowe's North Wilkesboro Hardware, Inc. v. Fidelity Mutual Life Insurance Company, 319 F.2d 469 (4th Cir. 1963).

■■ Under the view adopted by the *American Law Institute in its Restatement of the Law of Torts, Section 757*, a cause of action lies against one,

 " * * * who discloses or uses another's trade secret, without a privilege to do so * * * if

* * * * * * 

"his disclosure or use constitutes a breach of confidence reposed in him by the other in disclosing the secret to him * * *."

"Trade secrets" as defined by the Restatement include not only formulas and processes of manufacturing, but also information relating to,

"the sale of goods or to other operations in the business, such as a code for determining discounts, rebates or other concessions in a price list or catalogue, or a list of specialized customers, or a method of bookkeeping or other office management."

A number of courts have followed the view adopted by the Restatement, allowing recovery for disclosure of business information given in confidence, when the information satisfies the requirements set forth in the Restatement with respect to the nature of a "trade secret." See generally, Seismograph Service Corporation v. Offshore Raydist, Inc., 135 F.Supp. 342 (E.D.La.1955); W. R. Grace & Co. v. Hargadine, 392 F.2d 9 (6th Cir. 1968); Heyman v. Ar. Winarick, Inc., 325 F.2d 584, 9 A.L.R.3d 652 (2d Cir. 1963); Smith v. Dravo Corp., 203 F.2d 369 (7th Cir. 1953). In view of the decisions rendered by these courts, as well as the position taken in the Restatement of the Law of Torts, it is the opinion of this Court that the Supreme Court of Appeals of the State of West Virginia would, if given the opportunity, sustain a claim wherein it was shown that an improper disclosure was made of a trade secret which had been given in confidence. Conceding the propriety of this position, Retail Credit Company contends that plaintiffs have not alleged in their complaint the disclosure of "trade secrets" but only the disclosure of "statistics concerning their business." As we have seen, however, "trade secrets" as they are defined in the Restatement include business information such as was alleged by plaintiffs in their complaint. While plaintiffs did not utilize the specific phrase "trade secrets," they did plead facts which if proven would

establish a claim for wrongful disclosure of trade secrets—a claim which, as we have seen, is sustainable on motion to dismiss.

■■ Considerable space is devoted in the briefs to the question of whether or not a confidential relationship existed between the parties at the time the disclosures were made by the plaintiffs to the agents of Retail Credit Company. This is beside the point, for to be actionable, it is only necessary that the disclosure constitute a breach of the confidence reposed in the one to whom the secret was originally transmitted. Thus, the important factor is a *communication in confidence* rather than a *confidential relationship* such as between agent and principal or attorney and client. Seismograph Service Corporation v. Offshore Raydist, Inc., supra at pp. 354–355; Restatement of the Law of Torts, Section 757. In the instant case, plaintiffs have alleged a communication of information concerning their business to the Retail Credit Company under the understanding that such information would be kept in strict confidence and a subsequent breach of that confidence by Retail Credit Company. Under these circumstances, it cannot be said as a matter of law that the alleged disclosure of the information to competitors of the plaintiffs is not actionable.

Plaintiffs say in their brief that the disclosure by Retail Credit Company was made pursuant to a prearranged "scheme between the insurance company's agent and plaintiffs' competitors." Careful reading of the complaint fails, however, to disclose any such allegation. While facts tending to prove such a claim might constitute a cause of action (see Restatement of the Law of Torts, Section 759), it will be necessary for plaintiffs to amend before any evidence on this issue could properly be admitted in a trial of the case.

### IV

### SUMMARY

This Court, therefore, based upon the complaint presently filed herein, makes the following disposition of Retail Credit Company's motion to dismiss:

(a) On the face of the complaint plaintiffs have failed to state a claim as to Retail Credit Company on the theory of invasion of privacy. Accordingly, that portion of plaintiffs' complaint against Retail Credit Company alleging a "breach of privacy" must be dismissed, such dismissal to be without prejudice and with leave to the plaintiffs to amend if they be so advised; and

(b) Plaintiffs have stated a cause of action for improper disclosure of "trade secrets" confidentially obtained, and Retail Credit Company's motion to dismiss in this regard must be denied.