**Quinton GARLAND, Plaintiff,**

v.

**TRUE TEMPER CORPORATION, a foreign corporation domesticated under the laws of the State of Delaware, Defendant.**

**Civ. A. No. 72-34.**

United States District Court,
S. D. West Virginia,
Charleston Division.

Feb. 9, 1973.

M. Joseph Thomas, and Charles W. Covert, of Hazlett & Thomas, St. Albans, W. Va., for plaintiff.

George S. Sharp, of Kay, Casto & Chaney, Charleston, W. Va., for defendant.

## MEMORANDUM ORDER

HALL, District Judge.

The one-count complaint in this action charges defendant with "unlawful imprisonment, false accusations and the invasion of plaintiff's privacy." Jurisdiction in this Court is based on diversity of citizenship and amount in controversy. 28 U.S.C., § 1332. The cause of action arose in this Judicial District on November 12, 1970. The complaint was filed on February 8, 1972. Paragraph IV of defendant's answer noted that the action "is barred by the statute of limitations." During a pre-trial conference, the defense of the statute of limitations emerged and defendant was allowed time to file its formal motion to dismiss. The motion, filed December 7, 1972, asserts that "the complaint shows on its face that the action was commenced more than one year after the date of the alleged offenses committed against the plaintiff, and therefore this action is barred by the statute of limitations." The parties have presented their written memoranda of law and arguments stating their respective positions on the motion.

In this action the law of the State of West Virginia will be applicable. Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1250 (1949); Copley v. Northwestern Mutual Life Insurance Co., 295 F.Supp. 93 (S.D.W.Va.1968). 51 Am.Jur.2d, Limitation of Actions, § 73 (1970). In their memoranda the parties agree that West Virginia Code, § 55–2–12, applies, but reason that different provisions of the statute apply to this action. Plaintiff reasons that the action must be brought "(b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries," while defendant reasons that the action must be brought "(c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative." Defendant states the position that the present action is analogous to actions for false imprisonment, libel and slander, and malicious prosecution wherein the cause of action has been held not to survive the death of plaintiff.

The language of the West Virginia statutes and decisions of the Supreme Court of Appeals are not immediately responsive to the issue here presented. False imprisonment is actionable. Gillingham v. Ohio River Railroad Co., 35 W.Va. 588, 14 S.E. 243 (1891). Unlawful imprisonment and false accusations, as alleged in plaintiff's complaint, are not helpfully defined in any state statute or court decision. The invasion or violation of the right of privacy "gives rise to a common law right of action for damages." Roach v. Harper, 143 W.Va. 869, 105 S. E.2d 564 (1958). See Copley v. Northwestern Mutual Life Insurance Co., *su-*

*pra.* In Funk v. Cable, 251 F.Supp. 598 (M.D.Pa.1966), involving rights somewhat comparable to the invasion of the right of privacy, the Court, declining to apply the Pennsylvania one-year statute of limitations as appropriate in an action sounding in false imprisonment, applied the state's two-year statute of limitations as appropriate in actions sounding in the invasion of the right of privacy or assault and battery. In Jamison v. Olga Coal Co., 335 F.Supp. 454, 463 (S.D.W.Va.1971), this Court, faced with a somewhat similar dilemma, applied "the most nearly appropriate limitation period available under West Virginia law," the two-year limitation as provided in West Virginia Code, § 55–2–12. The party pleading the statute of limitations has the burden of proving that the action is barred. 54 C.J.S. Limitations of Actions § 386 (1948); 51 Am.Jur.2d, Limitation of Actions, § 484 (1970). Since the action involves invasion of the right of privacy, a cause of action recognized under West Virginia law, to which the state's two-year statute of limitations is found to be "most nearly appropriate," the motion to dismiss will be denied.