CENTRAL OF GEORGIA RAILWAY CO. *v.* SHEFTALL.

118  865
122  221
s123  594
s123  597

1. Words which are clearly not defamatory can not have their meaning enlarged by innuendo. Words which are libelous per se need no innuendo. Between these extremes lies the case of ambiguous language, where it is for the jury to say whether, in view of all the facts charged, the publication amounted to a libel.
2. The protection afforded privileged communications is lost if the publication was maliciously made.
3. Each publication gives rise to a separate cause of action, though all may be joined in one suit.
4. But where the petition alleged that the publication was made by delivery of the writing to six designated persons, officers of the defendant, an amendment setting up that the circular was posted on a bulletin board, and thus published to the world, set out a new cause of action, involving a different transaction and different defenses.

Argued October 10, — Decided October 31, 1903.

Action for libel. Before Judge Hodges. City court of Macon. June 18, 1903.

The petition alleged, in substance, that on November 9, 1902, the plaintiff was discharged from the service of the defendant as a conductor, because of a mistake as to an order; that his application for reinstatement was pending until January 3, 1903, when it was finally refused; that when discharged he had in his possession certain mileage exchange tickets and sleeping-car and parlor-car tickets, which were unused and were good for use over the defendant's line, and which it had given to him as part of a conductor's equipment; that he was ready to turn them over to it, and the defendant knew this, yet failed to call on him for them, and led him to believe that he would be reinstated; and that, maliciously intending to injure him, the defendant, through its duly authorized high officials, published of and concerning him the following circular:

" Central of Georgia Railway Company.

Passenger Department. ·

Circular No.—&—&  Savannah, December 31st, 1902.

File No.——X. 6111.

All Passenger Conductors:—

— BULLETIN —

TICKETS LOST AND SCALPED:—Mileage Exchange Tickets Form M. E. T. Nos. A–4630 to A–4649, inclusive, also Par-

55

lor and Sleeping-Car Tickets, Form S. C. Nos. T–6110 to 6199 inclusive.

Mr. W. C. Sheftall, formerly employed by this company as conductor on the Second Division, upon leaving the service of the company fails to surrender:

Mileage Exchange Tickets, Form M. E. T. Nos. A–4630 to A–4649, inclusive, total 20 tickets:

Parlor and Sleeping-Car Tickets, Form S. C. E. Nos. T–6110 to 6199, inclusive, total 90 tickets.

If any of the tickets described above are presented for transportation, you must decline to honor them; if possible, lift tickets and send them to General Passenger Agent with full particulars.

Conductors of trains upon which sleeping cars are operated will please instruct porters fully in regard to the outstanding sleeping-car tickets.

[Signed]　　W. A. Winburn,　　J. C. Haile,　　F. J. Robinson,
　　　　　　　V. P. & T. M.　　　G. P. A.　　　A. G. P. A."

The petition alleged that this circular was, by the defendant's authority, placed in the hands of and published to one of its division superintendents and to five or more of its conductors, in the county of Bibb, and was read by them and by divers others of its conductors and officials in that county, and was sent out by it to many of its conductors and to other division superintendents; that the defendant intended by this publication, and it was construed and understood by the conductors and superintendents who received or read it, to charge the plaintiff with having feloniously disposed of these tickets, and with "scalping" them; and that he was thereby injured in his good name, etc. The defendant demurred on the grounds, that no cause of action was set forth; that the allegations as to publication of the alleged libel showed no publication as contemplated by law; and that the words were not libelous, and not capable of the construction placed on them by the innuendo. It also answered and set up that the circular was privileged. By amendment the plaintiff alleged that the circular was posted in the defendant's offices at Macon, on a bulletin board which all its employees were required to examine, and at other places; that these offices were open to and frequented by the general public, and that the matter contained in the circular was in this manner published to the world. The defendant objected to

the amendment as setting out a new cause of action. Error is assigned on the overruling of the demurrer and the allowance of the amendment.

*Hall & Wimberly* and *J. E. Hall*, for plaintiff in error.
*Marion W. Harris, John R. Cooper*, and *Joseph H. Hall*, contra.

LAMAR, J.·    1. The defendant insists that the words are not libelous and can not be made such by the construction placed thereon in the plaintiff's petition.    · Words which are clearly not defamatory can not have their natural meaning changed by innuendo.    Words which are libelous per se do not need an innuendo. But between these two extremes are found many expressions which may be ambiguous, and the real meaning can then be explained by reference to the circumstances.    It is for the jury, in such instances, to say whether, in view of all the facts, the writing was libelous.    It then becomes a part of the plaintiff's case to prove the allegations in the innuendo, and to show that the words were really libelous under the circumstances, and that those who read understood them in the sense alleged.    In view of the ruling in *Holmes* v. *Clisby*, ante, 820, the discussion need not be extended to show that the allegations as to what the defendant's officers intended, and were understood to mean, make the petition good as against the demurrer.    Civil Code, § 3832.

2.    The communication to the conductors and superintendent of division was no doubt privileged; but if the plaintiff can establish to the satisfaction of the jury that the publication was made with actual malice, the protection otherwise granted to the writer of a privileged communication is lost.    In view of the charge of express malice, the demurrer was properly overruled.    Civil Code, § 3840.

3.    Every publication of matter which is shown to. be libelous is a separate cause of action (Woods *v.* Pangburn, 75 N. Y. 498), though all can be joined in one petition ; but where the plaintiff brings suit for publication to designated persons, he can not thereafter, by an amendment, show a publication to other persons at a different time and place, since it would set up a new and distinct cause of action. · Civil Code, § 3834.    Here the original petition alleged that the circular was delivered to five conductors and a division superintendent in Bibb county.    The amendment charges

that the circular was posted on a bulletin, and thus published to the public at large. These are different transactions, and may involve different defenses. Civil Code, § 5099. The demurrer thereto should have been sustained.

*The judgment is affirmed, with direction that the amendment be disallowed. All the Justices concur.*