43030.   MATHEWS v. ATLANTA NEWSPAPERS INC. et al.

ARGUED SEPTEMBER 6, 1967—DECIDED SEPTEMBER 20, 1967.

*Oze R. Horton,* for appellant.

*Hansell, Post, Brandon & Dorsey, Allen Post, Albert G. Norman, Jr., Charles T. Zink,* for appellees.

FELTON, Chief Judge. 1. Even assuming that the published article, which referred merely to "a Forest Park plumber," made the plaintiff's identity ascertainable, the article was not shown to be of a libelous nature, as is discussed hereinbelow.

2. The article was not libel per se, which consists of a charge that one is guilty of a crime, dishonesty or immorality. *Anderson v. Kennedy,* 47 Ga. App. 380, 382 (170 SE 555); *Grayson v. Savannah News-Press,* 110 Ga. App. 561, 566 (139 SE2d 347).

3. "The distinction between pleading libel per se and pleading libel by use of words of covert meaning is that in the former no innuendo need be alleged, the words themselves, if in fact untrue, being a sufficient basis for the action, while in the latter, it is necessary that the pleader allege that a covert meaning attached to the words and that the words were understood by the readers (or at least by some of them) in the covert sense, which was untrue in fact." *Grayson v. Savannah News-Press,* supra, p. 566. The present petition as amended fails to allege what, if any, covert, untrue meaning attached to the words and that they were, in fact, so understood by any readers. In the absence of such allegation, the allegations of the malicious intent with which the article was written and published amount ·to no more than mere conclusions of the pleader. The only allegation as to special damages is the plaintiff's "concern in his work, peace, happiness and feelings." It is not alleged in what manner the article injured the plaintiff in his trade as a plumber, the ability to spell correctly not being alleged to be a prerequisite of such trade. *Davis v. General Finance & Thrift Corp.,* 80 Ga. App. 708, 709 (1, 2) (57 SE2d 225), and cit. The general rule—that the effect of the article on the reading public and whether or not it tends to bring the petitioner into hatred, contempt or ridicule are issues of fact for the jury (*Horton v. Georgian Co.,* 175 Ga. 261 (2) (165 SE 443))—does not apply where the alleged covert meaning by innuendo is not alleged (*Grayson v. Savannah News-Press,* supra, p. 566), unless the "false construction . . . would *necessarily* be placed upon the words." (Emphasis supplied.) *Atlanta Journal Co. v. Doyal,* 82 Ga. App. 321, 330 (60 SE2d 802), and cit. The construction, urged in appellant's brief, that the plaintiff's case was to be dismissed because of either the misnomers or any other reason indicated, would not be necessarily placed upon the words by readers, since the article clearly states merely that the clerk had *asked* for the dismissal of the suit.

4. Furthermore, a libel must be *false*, as well as malicious. *Code* § 105-701; *Savannah News-Press, Inc. v. Hartridge*, 104 Ga. App. 22, 28 (120 SE2d 918), and cit. "A newspaper is fully within its rights in reporting a court proceeding, the only limitation being that in reporting such a proceeding it must do so correctly. *Harrison v. Constitution Pub. Co.*, 41 Ga. App. 102 (152 SE 131)." *Savannah News-Press, Inc. v. Hartridge*, supra, p. 28. In the instant case, not only is there no affirmative allegation that the facts in the article are untrue, but also at least two such allegations in the original petition were specifically deleted by amendment, leaving only allegations to the effect that the article did not "depict the true picture of the matter." On demurrer, this allegation, construed against the pleader, means that the statements are true. We know of no authority requiring a newspaper to devote equal space to the contentions of and facts concerning every person mentioned in its columns. The contrary not appearing, the article was a factual and true report of what the parties said and did. As long as facts are not misstated, distorted or arranged so as to convey a false and defamatory meaning, there is no liability for a somewhat less than complete report of the truth, even if the newspaper happens to recognize an element of humor in the situation reported and conveys this, either impliedly or expressly, as well as some of its own editorial opinions in that regard.

It follows that the petition as amended in this case failed to state a cause of action and the trial court did not err in its judgment sustaining the motion to dismiss.

*Judgment affirmed. Hall and Eberhardt, JJ., concur.*