### 43188. GRIFFIN v. BRANCH et al.

Argued November 6, 1967—Decided November 8, 1967.

*J. E. B. Stewart,* for appellant.

*Reinhardt, Ireland, Whitley & Sims, John S. Sims, Jr., Hansell, Post, Brandon & Dorsey, Allen Post, Albert G. Norman, Jr., Maxwell A. Hines,* for appellees.

EBERHARDT, Judge. This action was filed·and the judgments were entered·prior to the effective date of the Civil Practice Act;

consequently its provisions have no application. *Abercrombie v. Ledbetter-Johnson Co.*, 116 Ga. App. 376, 378 (157 SE2d 493).

■ Headnote 1 needs no elaboration.

■ Was the proffered amendment properly disallowed? This is to be answered by a determination of whether, as to each of the defendants, the amendment sets up a new cause of action, and this requires a consideration of the allegations of the petition as originally filed. *Warner Bros. Pictures, Inc. v. Stanley*, 56 Ga. App. 85, 110 (4) (192 SE 300). The charge against defendant Branch is that he *said* or *made a statement* of a matter alleged to be derogatory to the plaintiff. This is a charge of an oral assertion, or of slander. *Code* § 105-702. The charge against Atlanta Newspapers is that it *printed* and published the substance of the Branch statement. This is a charge of libel. *Code* §§ 105-701, 105-703. Libel and slander are similar and related but do not give rise to the same cause of action. "It has been doubted whether such a distinction should have been drawn originally, but it has become firmly fixed. Of course, if words are slanderous, they would not become less defamatory by publishing them in writing, though words which might not be actionable per se as slander may be libelous per se when put in writing or print. In some of the discussions this distinction has been overlooked, and the question of whether language was libelous has been treated as though libel and slander were identical." *Spence v. Johnson*, 142 Ga. 267, 270 (82 SE 646, AC 1916A 1195). Thus, the petition sought to set out a cause of action against Branch for slander, and against Atlanta Newspapers for libel. No joint participation was alleged.

The amendment seeking to charge the defendants with a conspiracy in the matter thus sought to add against Branch the charge of libel and against Atlanta Newspapers the charge of slander. In each instance and as to each defendant the amendment sought to set out a new cause of action, which could not be done. *Code* § 81-1303; *Colvard v. Black*, 110 Ga. 642, 647 (3) (36 SE 80); *Central of Ga. R. Co. v. Sheftall*, 118 Ga. 865 (4) (45 SE 687). The amendment would, in effect, add new charges of publication of the alleged defamatory state-

ment as to each of the defendants, and thus set up a new cause of action as to each. *Howe v. Bradstreet Co.*, 135 Ga. 564 (69 SE 1082, AC 1912A 214); *Central of Ga. R. Co. v. Sheftall*, supra. Disallowance of the amendment was proper.

■ Does the petition set out causes of action against the defendants which were good as against general demurrer? For reasons appearing in the following discussion of this question we conclude that it does not, and we may observe that even if the amendment had been allowed our conclusion would be the same.

The petition must be construed against the plaintiff, considering its omissions as well as it allegations, and the absence of an allegation of material facts must be taken to mean that the facts do not exist. *Rives v. Atlanta Newspapers, Inc.*, 220 Ga. 485, 486 (139 SE2d 395). If an inference unfavorable to the plaintiff can be fairly drawn, it must prevail. *Krueger v. MacDougald*, 148 Ga. 429 (1) (96 SE 867). The court cannot supply allegations of essential or material facts to a deficient petition and make it set out a cause of action. *Ford Motor Co. v. Williams*, 219 Ga. 505 (134 SE2d 32).

It is not alleged in this petition (or in the proffered amendment) that the plaintiff, R. A. Griffin, and "Marvin's brother, Cheney Griffin," are the same person. Consequently, we must assume that they are not, and in that posture there is a total failure to connect the alleged statement and article with the plaintiff, even if they be defamatory. But if plaintiff and "Marvin's brother, Cheney Griffin," are one and the same, the petition is fatally deficient in other essentials.

■ Taking up first the charge of slander by defendant Branch, we find it lacking. Under *Code* § 105-702, for the alleged slander to be actionable, it must appear that the person alleged to have been slandered has been charged with a crime punishable by law—which is obviously absent; or that he suffers from some contagious disorder or has been guilty of a debasing act which may exclude him from society—and this is likewise obviously absent; or that a false charge has been made with reference to his trade or profession, calculated to injure him. Plaintiff alleges that he is in the insurance and real estate

business, and nothing in the charge can have any reference to either of those matters. Or, fourthly, it must appear that disparaging words were spoken *productive of special damage* flowing naturally therefrom, in which event the special damage is essential to support the action.

If there is a charge of slander it falls under the fourth category. Plaintiff contends that by innuendo Branch linked, *or tended to link,* plaintiff with the Ku Klux Klan. It is not alleged that the Klan is illegal, or that membership in it or connection with it is in any manner contrary to law, immoral or dishonest. It is not alleged that the Klan is or was engaged in any illegal or immoral activity, or that it stands or stood in disrepute so that being linked with it would adversely affect plaintiff's standing or reputation or in any wise damage him, or that it was productive of any special damage, and no special damage is pleaded. The allegations being in the alternative, the charge is only that the statement *tended* to link plaintiff with the Klan. *Doyal v. Russell,* 183 Ga. 518 (189 SE 32).

Under the cited cases we must conclude that the suggestion of possible membership in or connection with the Klan, if the petition suggests that, is in no wise damaging to the plaintiff, and that even if it were, no special damage has resulted to him. Failure to allege these matters rendered the petition subject to the general demurrer of defendant Branch. *Ford v. Lamb,* 116 Ga. 655 (42 SE 998).

For similar reasons the petition falls short of alleging libel against Atlanta Newspapers. There is no allegation that those who may have read the article even understood it to amount to a charge that plaintiff was a member of or connected with the Klan. Certainly there is no statement in the article that plaintiff was or is a member of or was or is in any way connected with the Klan. If that meaning is to be ascribed to it, it is only by way of innuendo; and when charging libel by innuendo or because of a covert meaning it is essential that the pleader allege what the covert meaning is and that the author of the libel intended the statements in the article to be so understood, and that they were in fact so understood by those who read them. *Anderson v. Kennedy,* 47 Ga. App. 380,

385 (170 SE 555); *Mathews v. Atlanta Newspapers, Inc.*, 116 Ga. App. 337 (157 SE2d 300). There is an utter failure to plead these requirements in this petition. We must, accordingly, construe it to mean that readers attributed no such covert meaning to the article, without which no libel is alleged.

█ Moreover, since it appears that the petition failed to set out a cause of action against Branch, the resident defendant, it was proper to sustain the general demurrer of the nonresident defendant and dismiss the petition as to it. *Richards & Associates, Inc. v. Studstill*, 212 Ga. 375 (93 SE2d 3); *Lewis v. Wilson*, 111 Ga. App. 666 (142 SE2d 852); *Harrell v. Gardner*, 115 Ga. App. 171 (1) (154 SE2d 265); *Rives v. Atlanta Newspapers, Inc.*, 220 Ga. 485, supra.

A consideration of the ruling on the plea to the jurisdiction by the nonresident defendant, Atlanta Newspapers, Inc., is unnecessary.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*