59222. REECE v. GRISSOM et al.

CARLEY, Judge.

Appellant Reece instituted suit against the appellee Southland Publishing Company (Southland) in two counts, libel and invasion of privacy. Both counts stemmed from Southland's publication in its newspaper of an article which identified appellant by name and position as the father of an arrestee. The article, entitled "J P's Son Charged in Trucks Case," contained the following text: "The 25-year old son of a Hall County justice of the peace was arrested this week and charged with receiving two stolen trucks — valued together at $30,000.00 — that were recovered in a field off Athens highway near Gainesville. Tommy Reece, the son of [appellant] Pratt Reece, was charged with two counts of receiving stolen property, according to jail records." Southland answered, admitting publication of the article but denying any liability for doing so. After discovery, Southland moved for and received summary judgment. Appellant appeals from this grant of summary

judgment as to his counts for libel and invasion of privacy.

1. Appellant concedes that the article is true — that he is the father of the arrestee. Therefore, the article is not libelous per se because it does not falsely charge appellant with criminal guilt, dishonesty or immorality. *Anderson v. Kennedy,* 47 Ga. App. 380, 382 (170 SE 555) (1933). Appellant urges, however, that the article is libelous by innuendo. He argues that the article, by its nature, would be understood by readers as linking the arrest of his son to appellant's office and his fitness to hold such office. We believe appellant misconstrues the notice of "innuendo." "The office of an innuendo is to explain that which is of doubtful or ambiguous meaning in the language of the publication, but cannot enlarge the meaning of words plainly expressed therein." *Park & Iverson v. Piedmont & Arlington Life Ins. Co.,* 51 Ga. 510 (1) (1874). Innuendo means only that where words are capable of two meanings, one of which would be libelous and actionable and the other not, it is for the jury to say, under all the circumstances surrounding its publication, which of the two meanings will be attributed to it by those to whom it is addressed or by whom it may be read. *Grayson v. Savannah News-Press,* 110 Ga. App. 561, 567 (139 SE2d 347) (1964). If the words of the alleged defamatory publication are unambiguous and are incapable of the meaning ascribed to them by innuendo, no action for libel will lie. *Aiken v. Constitution Pub. Co.,* 72 Ga. App. 250, 254 (33 SE2d 555) (1945). Innuendo is not a device whereby non-libelous words are made actionable. Unless the words of the alleged defamation are themselves susceptible of the libelous innuendo no cause of action is stated; any harmful innuendo which may result not from the ambiguity of the words themselves but from the readers' subjective reaction to truthful words of an unambiguous and non-libelous nature is not an actionable defamation.

The words of the article in the instant case are clear and unambiguous. It states truthfully that appellant's son was arrested and charged with a crime. There is no innuendo or suggestion that appellant himself was in any manner connected with any illegal, dishonest or immoral conduct. Any hurtful innuendo as to appellant's qualifications for the public position which he holds arising not from the words of the article but from the reader's subjective decision to impute the alleged sins of the son to the father is unfortunate and unwarranted but unactionable as a defamation. The trial court did not err in granting summary judgment as to the libel count. *Cates v. Nichols,* 148 Ga. App. 558 (252 SE2d 2) (1978).

2. However, the very reason why the article is not actionable as a libel by innuendo — it does not falsely connect or suggest a

connection between appellant and the alleged crime — suggests that the article may be an invasion of appellant's right to privacy. There being no connection between appellant and the criminal events reported other than his being the father of the alleged perpetrator, the argument is that the publication of appellant's name, his position and parental relationship was an unnecessary and unwarranted intrusion into his "right to be let alone." *Waters v. Fleetwood,* 212 Ga. 161, 164 (91 SE2d 344) (1956). While we are in sympathy with appellant's distress, we conclude that no invasion of appellant's right to privacy occurred through its publication.

" 'There are times . . . , when one, whether willingly or not, becomes an actor in an occurrence of public or general interest. When this takes place, he emerges from his seclusion, and it is not an invasion of his right of privacy to publish . . . an account of such occurrence. [Cit.]' " *Waters v. Fleetwood,* 212 Ga. at 164, supra. The article reporting the events does no more than *identify the arrestee* as appellant's son. Here, as in *Waters,* appellant has become an unwilling and innocent actor in an occurrence of public interest due to unfortunate events involving his child. The matters reported — the position of appellant, his name, his son's name and the fact of his son's arrest — were all truthful matters of public knowledge or public record. " 'There is no liability when the defendant merely gives further publicity to information about the plaintiff which is already public. Thus there is no liability for giving publicity to facts about the plaintiff's life which are matters of public record . . .' " Cox Broadcasting Corp. v. Cohn, 420 U. S. 469, 494 (95 SC 1029, 43 LE2d 328) (1975). On this analysis we are constrained to hold that summary judgment was properly granted as to the count for invasion of privacy. An extrapolation of the facts in the instant case to the decision in *Waters,* supra, summarizes our decision on this issue: " 'Doubtless many persons at such a time would be distressed or annoyed by a publication of the sort here involved. It is a time above all others when [appellant] would prefer to be spared the anguish of wide or sensational publicity. . . The law does not provide a remedy for every annoyance that occurs in everyday life. Many things which are distressing or may be lacking in propriety or good taste are not actionable . . . The only reference to [appellant] was that [the arrestee] was [his son]. This can hardly be said to interfere with [his] privacy. . . '

" . . . Through no fault of [appellant, his son became the object] of widespread public interest. The [arrest of appellant's son] necessarily became a matter of legal investigation and the subject matter of public records. During the pendency and continuation of the investigation . . . the matter will continue to be one of public

interest, and the dissemination of information pertaining thereto would not amount to a violation of [appellant's] right of privacy." *Waters v. Fleetwood,* 212 Ga. supra at 166-167.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JANUARY 8, 1980 — DECIDED
MARCH 21, 1980 —
REHEARING DENIED MARCH 31, 1980.

*Charles W. Smith, Jr.,* for appellant.
*Frank W. Armstrong,* for appellees.