## 64761. BUNKLEY v. HENDRIX et al.

QUILLIAN, Chief Judge.

This is an appeal from a grant of summary judgment to one of several defendants in an action for damages for personal injury.

Plaintiff-appellant Bunkley, along with the three individual defendants, is a member of defendant Glynn Art Association, an unincorporated non-profit organization. The Association used the Island Art Center, a building owned by the defendants Hendrix, husband and wife, for meetings, lessons, exhibitions and to view films. On May 10, 1979, appellant viewed a film at the art center and afterwards began walking around the room pointing out paintings to a friend. Art exhibit stands had been moved to the edges of the room so that the film could be shown. Appellant touched one of the exhibit stands while attempting to look at a painting on the wall and the stand fell on her causing injury. Appellant thereupon commenced this action against the association, the Hendrixes and defendant-appellee Palmerin. Palmerin was a member of the board of governors of the Association. Palmerin's only connection with the incident was that he, as a member of the board of governors, had voted to have the Association sponsor the showing of old movies, leaving the details of making the arrangements for the movies and the setting up of the viewing room to Mrs. Hendrix and others who worked at the arts center.

Palmerin was granted summary judgment on several grounds, one of which was that he was immunized from liability for simple negligence by Code Ann. § 105-114 (Ga. L. 1969, p. 709), from which judgment this appeal is taken. *Held:*

Code Ann. § 105-114 provides: "A person serving with or without

compensation as a member, director, trustee or officer on any public, charitable or nonprofit hospital, institution or organization shall not be liable to the hospital, institution, or organization or to any person, firm or entity, public or private, receiving benefits from the hospital, institution or organization for any act or omission to act within the scope of his duties or activities unless the hospital, institution or organization, or person, firm or entity, public or private, receiving such benefits shall show that the act or omission or failure to act was caused by the gross negligence or willful and wanton misconduct of such member, director, trustee or officer and unless such gross negligence or willful and wanton misconduct contributed to the loss of which such hospital, institution or organization, or person, firm or entity complains."

This statute has not previously been construed by the appellate courts of Georgia.

Using the statutory construction rule of ejusdem generis (general words, following specific words, are construed as referring to the same things as the specific words), appellant contends that Code Ann. § 105-114 applies only to hospitals and other health care institutions and organizations.

We do not agree and apply two of the statutory construction rules of Code Ann. § 102-102: that ordinary signification is applied to all words and that, in all interpretations the courts shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy.

Thus, we construe the plain language of the term "hospital, institution or organization" not to be limited to health care facilities.

"Ordinarily the coupling of words in a statute denotes an intention that they shall be understood in the same general sense. Where several words are connected by a copulative conjunction, they are presumed to be of the same class. . . ." 82 C JS 656, Statutes, § 331.

"Although 'the legislative intent prevails over the literal import of words' [Cit.], 'where a constitutional provision or statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms. [Cits.]' [Cit.]. 'In other words the language being plain, and not leading to absurd or wholly impracticable consequences, it is the sole evidence of the ultimate legislative intent.' [Cits.]" *Hollowell v. Jove,* 247 Ga. 678, 681 (279 SE2d 430).

The language of Code Ann. § 105-114 plainly constitutes a recognition that public, charitable and nonprofit entities generally exist as hospitals, institutions or organizations. If the General

Assembly had intended what appellant contends, it could have expressed it clearly by specifically limiting the term "institution or organization" to health care entities. We note that the plain meaning of the statute is reflected in the general index to the Code Annotated where § 105-114 is referenced under listings for tort liability of members, directors, etc. of charitable organizations and nonprofit organizations, as well as nonprofit hospitals.

Additionally, since under common law members, directors, etc., of nonprofit or charitable organizations could be held responsible for the negligence of the organization or its employees (see, e.g., *White v. Parks,* 93 Ga. 633 (20 SE 78); 6 AmJur2d 482, Associations and Clubs, § 48), the intent in Code Ann. § 105-114 apparently is to give protection from such liability for simple negligence to those who participate in such beneficial and socially desirable activities in order to encourage participation therein. We do not believe that it was intended to extend such protection only to health care facilities to the exclusion of other organizations equally desirable and beneficial.

" 'Courts may construe the language employed in the act in connection with the context, and ascertain the legislative intent as derived from the old law, the evil, and the remedy, and will not defeat the intention and purpose of the General Assembly by giving effect to words which would render the purpose of the General Assembly in the passage of the enactment futile, unenforceable, or ineffectual . . . In the construction of a statute a court may decline to give a legislative act such construction as will attribute to the General Assembly an intention to pass an act which is not reasonable, or as will defeat the purpose of the proposed legislation.' " *Bd. of Trustees v. Christy,* 246 Ga. 553, 554 (272 SE2d 288).

Therefore, the trial court did not err in granting summary judgment to appellee.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED OCTOBER 18, 1982 —
REHEARING DENIED NOVEMBER 16, 1982 — 

*Robert P. Killian,* for appellant.

*Albert Fendig, Jr., Wallace E. Harrell, David T. Whitworth, M. Lynn Frey III,* for appellees.