66727. WILLIAMS v. COFFEE COUNTY BANK et al.

BIRDSONG, Judge.

This appeal arises from a directed verdict in favor of appellees/defendants in this action for invasion of privacy and breach of implied contract. The gravamen of appellant's complaint against Coffee County Bank and its president concerned an oral communication from the president to appellant's employer disclosing that appellant was involved in the financing of some trucks with the bank. Appellant alleged that this disclosure led to the loss of his job, since his employer had an express policy against such activity. His cause of action is based on the theories that the bank's president was guilty of invasion of privacy through the public disclosure of a private fact and that the disclosure breached an implied contract of confidentiality between the bank and appellant.

1. We agree with the trial court in its conclusion that appellant failed to present evidence sufficient to support a case based on invasion of privacy. The disclosure at issue in this case merely confirmed that appellant was involved with some trucks financed through the bank. We fail to perceive how this disclosure fits within any of the four recognized categories constituting the tort of invasion of privacy. See *Cabaniss v. Hipsley,* 114 Ga. App. 367, 370 (151 SE2d 496). Appellant has attempted to show that appellees were guilty of a public disclosure of private facts. However, "[t]here are at least three necessary elements for recovery under this theory: (a) the disclosure of private facts must be a public disclosure; (b) the facts disclosed to the public must be private, secluded or secret facts and not public ones; (c) the matter made public must be offensive and objectionable to a reasonable man of ordinary sensibilities under the circumstances." Id., p. 372.

This case clearly fails to make out a tort for invasion of privacy based on public disclosure of private facts in at least one respect. There was no showing that appellees disclosed any "private, secluded or secret" matter. Appellant appeared as the co-owner of record on

the certificates of title for the two vehicles involved and the certificates noted the liens of Coffee County Bank. At the time the subject disclosure was made, September 1979, motor vehicle certificates of title were public records open to public inspection. However, see OCGA § 40-3-24 (formerly Code Ann. § 68-410a, amended by 1981 Ga. L. p. 473) to exempt such records from the general public inspection requirements of OCGA § 50-18-70 (Code Ann § 40-2701). " ' "There is no liability for giving publicity to facts about the plaintiff's life which are matters of public record." ' [Cit.]" *Reece v. Grissom,* 154 Ga. App. 194, 196 (267 SE2d 839). The trial court did not err in directing a verdict in favor of appellees on the invasion of privacy cause of action.

2. A more interesting issue is presented by appellant's contention that appellees' disclosure constituted the breach of an implied contract of secrecy or confidentiality concerning appellant's financial transactions with the bank. Although several jurisdictions have dealt with similar actions by bank customers (see 10 AmJur2d, Banks, § 332; 92 ALR2d 900), this appears to be a case of first impression in this state. However, pretermitting the question of whether the law of this state recognizes an implied obligation of confidentiality from a bank to its customer, we hold that the facts of this case could not support such a cause of action.

As noted in Division 1, supra, all of the information disclosed by appellees was a matter of public record at the time of the disclosure. At least one jurisdiction has recognized that the duty of a bank not to disclose customers' affairs "runs to confidential matters alone, known only to the bank and customer involved." First Nat. Bank in Lenox v. Brown, (181 NW2d 178 (8)) (Iowa 1970). See also 10 AmJur2d, Banks, § 332. It is clear that the disclosure in this case was contained in "public record[s] . . . [and] could not be classified as private or personal." First Nat. Bank in Lenox v. Brown, supra. It would be anomalous indeed to permit appellant to recover for appellees' breach of an implied duty of confidentiality when the only information disclosed was a matter of public record and indisputedly was not confidential. Furthermore, since appellant's employer could have obtained the same information through the appropriate public authorities, we fail to discern how appellant was harmed by appellees' alleged breach of confidentiality. Thus, under the facts of this case, appellant has failed to support his cause of action based upon breach of implied contract or implied duty, even if such a cause of action existed under the laws of this state, a matter upon which we have expressly reserved decision. Accordingly, the trial court did not err in directing a verdict in favor of appellees.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J.,*

*concur.*

Decided September 26, 1983.

*Walter S. Chew, Jr.,* for appellant.
*Hugh B. McNatt,* for appellees.