## 71658. CHANCE v. MUNFORD, INC. et al.
(342 SE2d 746)

SOGNIER, Judge.

Mary Louise Chance brought this defamation action against Munford, Inc., d/b/a Majik Market, and Pat Reynolds. Chance appeals from the trial court's grant of summary judgment in favor of Munford and Reynolds.

Appellant, a former manager at one of appellee Munford's stores, purchased gas at the store and became angry when she discovered that the clerk had failed to pre-set the amount of gas appellant had requested. Following an exchange with the clerk during which appellant expressed her displeasure, appellee Reynolds, the store manager, posted a notice intended for store employees on two sheets of paper on a wall behind the store's cash register which stated: "Louise is not allowed in the store." Appellant's action against appellees is based solely on this notice.

Appellant contends the trial court erred by granting summary judgment in favor of appellees because questions of fact remain whether the language in the sign is libelous. "A libel is a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule." OCGA § 51-5-1 (a). Appellant argues that the notice is libelous by innuendo because persons reading the notice would assume that she had done something terrible to result in her having been barred from the store. "We believe appellant misconstrues the [meaning] of 'innuendo.' 'The office of an innuendo is to explain that which is of doubtful or ambiguous meaning in the language of the publication, but cannot enlarge the meaning of words plainly expressed therein.' [Cit.] Innuendo means only that where words are capable of two meanings, one of which would be libelous and actionable and the other not, it is for the jury to say, under all the circumstances surrounding its publication, which of the two meanings will be attributed to it by those to whom it is addressed or by whom it may be read. [Cit.] If the words of the alleged defamatory publication are unambiguous and are incapable of the meaning ascribed to them by innuendo, no action for libel will lie. [Cit.]"

*Reece v. Grissom*, 154 Ga. App. 194, 195 (1) (267 SE2d 839) (1980). The words in the notice in this case are clear and unambiguous and do not tend to injure appellant's reputation or expose her to "public hatred, contempt, or ridicule." OCGA § 51-5-1 (a); *Grayson v. Savannah News-Press*, 110 Ga. App. 561 (139 SE2d 347) (1964). The words of the notice contain no hurtful innuendo regarding appellant's character or behavior and a reader's subjective decision to impute such innuendo to the notice is not actionable as a defamation. *Reece*, supra at 195 (1). Therefore, the trial court did not err by granting summary judgment in favor of appellees. Id.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED MARCH 11, 1986.

*Theodore A. Speaker*, for appellant.

*Nicholas C. Moraitakis, Eve A. Appelbaum, Suzanne Wynn*, for appellees.