A95A1949, A95A1950. DENISE et al. v. CANNON et al. (two cases).
(466 SE2d 885)

BIRDSONG, Presiding Judge.

Kimberley Denise, individually, and as representative of her deceased child Martin Ring and as next friend of her two surviving children, Haywood Payton and Jessica Ring, filed suit against Michael Cannon and Tammy Williams (Cannon) for damages arising out of a fire in the house which Denise leased from the Cannons. Also present in the house was a male friend of Denise, and his child who later died of injuries sustained in the fire. Denise contends the Cannons were negligent in that the smoke detector system in the house was hard-wired to the security system and was inoperative and the fire alarm could not be heard in the master bedroom; and that the Cannons never warned Denise of these facts, never showed her how to operate the system, and never informed her that there was a battery pack in the basement which had to be replaced every few years and which was last replaced three years previously, with the result that although there were three adults in the house in addition to the children, Denise was unable to save her child Martin Ring, and she and her other children suffered great harm.

The trial court granted summary judgment to the Cannons. On Denise's appeal, the Cannons respond by stating that while the cause of the fire is irrelevant to the issues before the court, this Court may nevertheless be curious as to how this tragedy occurred, and appellees then inform us that at trial they intended to speculate that Denise's "petulant child" set fire to the house because this child had played

with matches in the past and was the only child found outside fully clothed and not suffering from smoke inhalation. Appellees further assert, with no citation to the record, that "plaintiff's lover," David Cole, heard the alarm and therefore the trial court had no choice but to grant summary judgment to appellees. Appellees also note that "among the other curious things about this case is the plaintiff's name, 'Kimberley Denise.' In the transcript of one of plaintiff's many other cases we find an explanation: Changing her last name through her many divorces simply became too cumbersome, therefore, she simply abandoned a last name altogether and goes by the first and middle of her maiden names." To prove this irrelevant point, appellees attach to their brief a deposition from a case named "Denise v. Mountain." *Held*:

Efforts in a brief to disparage the character of opposing parties are not well received in this court, as they are an attempt to obscure the issues. At best they show an absence of real merit in the position of the party making such remarks. They also cause offense to the parties slurred and, being irrelevant and obfuscatory, may constitute excessive litigation giving rise to damages.

On motion for summary judgment, the burden is on the movant to establish the absence of any genuine issue of material fact and that the evidence, viewed most favorably to the respondent, warrants judgment as a matter of law (*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474)); the trial court is required to give the opposing party the benefit of all reasonable doubt and to construe all evidentiary inferences and conclusions most favorably to the respondent. *Fisher v. Clarendon &c. Co.*, 210 Ga. App. 711 (437 SE2d 344). On appeal of the grant of summary judgment, we are not bound to any degree by the conclusions of the trial court; there is no presumption that the trial court correctly determined that there is no genuine issue of material fact, and our review is therefore de novo. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832).

The defendants, as landlords, had a duty to maintain the premises in a safe condition. A landowner is liable to invitees for injuries caused by his failure to use ordinary care in keeping the premises safe; this is a statutory duty. OCGA §§ 51-3-1; 44-7-13; *Hickman v. Allen*, 217 Ga. App. 701 (458 SE2d 883). A landlord impliedly warrants that the rented premises are in good repair, and if by reason of a latent defect they are not, he is liable if he actually knew they were not in good repair or if by the exercise of ordinary care he could have discovered that they were not, if the defective condition is the proximate cause of the injury. *Country Club Apts. v. Scott*, 154 Ga. App. 217, 219 (267 SE2d 811). The requirement of ordinary care in maintaining an adequate fire detection and alarm system, whether established by ordinance or by the jury's finding, is intended to warn of fire

whatever its cause. Even assuming that Denise's "petulant" child started this fire, if an adequate fire detection and alarm system may have spared the plaintiffs the particular harm caused to them, the defendant landlords may be liable to the extent determined by the jury. To say otherwise would remove all duty, if there is one, of a landlord to maintain an adequate fire detection and alarm system on the premises.

The evidence shows Denise relied upon the representations and manifestations that the fire detector system worked. There is evidence that faulty wiring in the basement could not be ruled out as the cause of the fire. Denise also shows evidence that appellees destroyed or altered material evidence, namely a supply wire and outlet which were removed from the area of the fire's origin; if this was the case, inferences may reasonably be drawn that the items removed by defendants could have reflected unfavorably on the defendants as to the cause of the fire. If a jury concludes that a defective condition in the house caused the fire, defendants may be liable for damages on that account.

Appellees allege that Denise's "then-current lover" (whose son also died as a result of the fire) heard a "beep," but appellees cite no evidence for this assertion. See Court of Appeals Rule 27. Even assuming Mr. Cole did hear such a noise, this does not remove all issues of fact as to whether the alarm system was defective or in disrepair. Further, there is evidence appellees had superior knowledge that the control panel for the system would not function. In documents produced by the security system company from the Cannons' file, there is a handwritten note stating that the control was to be replaced, that there were no signals, and that the homeowner was to call if replacement control was desired. There is also evidence that appellees violated local ordinances in failing to maintain an adequate fire detection and alarm system. Whether the system was defective and whether Denise had ever been instructed by appellees how to operate the system are unresolved issues of material fact.

Appellees contend the condition of the fire detection and alarm system was irrelevant because the fire itself was "loud" as it was crackling, burning and raging. This is an issue of fact. Appellees' extensive argument as to whether the alarm system met statutory requirements merely proves that strong issues of fact remain for a jury's determination.

Construing all the evidence in favor of the respondent, Denise, and giving her the benefit of every reasonable inference and every doubt, we find there are substantial issues of fact which only the jury can determine, and appellees are not entitled to judgment as a matter of law.

As we reverse the trial court's partial summary judgment and

summary judgment to appellees and return the case to its position before those judgments were granted, it is unnecessary to determine whether the trial court erred procedurally.

*Judgments reversed. Johnson and Smith, JJ., concur.*

DECIDED DECEMBER 7, 1995 —<br>RECONSIDERATION DENIED JANUARY 4, 1996 —

*Hughes, Rogers & Hofrichter, David R. Hughes, Kimberly E. Sanders*, for appellants.

*Cozen & O'Connor, Michael A. McKenzie, Timothy A. Bumann*, for appellees.