A03A1054. HILL v. TSCHANNEN.
A03A1055. HILL v. WOODRUFF PROPERTY MANAGEMENT COMPANY.
(590 SE2d 133)

ADAMS, Judge.

Stacy Hill was injured in a fire while staying with her cousin who lived in an apartment complex. She brought suit against the building owner and property manager, among others, but the trial court granted summary judgment in their favor. Hill contends there remain issues of fact for the jury in both cases.

Construed in favor of Hill, the evidence shows that at all rele-

---

[18] (Citation and punctuation omitted.) *Clos v. Pugia*, 204 Ga. App. 843, 844 (1) (420 SE2d 774) (1992).

[19] Id.

[20] See id.

vant times, Ernest Tschannen, a resident of California, owned the Terrace Park Apartment Complex located in Macon, Georgia. Tschannen hired Woodruff Property Management Company to manage the complex, which it did from October 1, 1996, through either December 31, 1997, or January 23, 1998. Tschannen himself took over management of the property at that point and hired all of Woodruff's on-site staff to do so. The fire occurred on February 28, 1998, after Tschannen took over.

When Woodruff began to manage the property in October 1996, it performed a unit-by-unit inspection of the apartments and learned that battery-operated smoke detectors were in place in the apartments at that time. Woodruff instituted a program of additional unit-by-unit inspections on a quarterly basis thereafter, and the inspection included determining whether the smoke detector was in good working order. But according to Woodruff, it was the tenant's responsibility to replace stale batteries. Woodruff had no knowledge of a stale battery in the smoke detector in the apartment in question as of the termination of its contract to manage the property.

On November 1, 1996, Zonja Jackson (Stacy Hill's cousin) and Tameika Curry leased apartment 101-D in the complex. The apartment had one battery-operated smoke detector in place that had been tested to ensure that it was in working order before the two women moved into the apartment. Woodruff had a policy of installing a new battery when a new tenant arrived. And the two women acknowledged in writing that the smoke detector was in good working order when they moved in.

Jackson renewed the lease for one year beginning November 5, 1997, but, due to an apparent breach, she was given notice to leave by February 16, 1998. On February 28, Jackson was still living in the apartment with her boyfriend Antonio Graddick. Stacy Hill, her boyfriend, Xavier Smith, and her daughter, Tia, had been visiting Jackson for about two days and were helping Jackson move out.

That night, Jackson and her boyfriend Graddick were the last to go to bed, and when they did, they accidentally left a pan of cooking oil heating on the stove. Smith woke Hill in the middle of the night because Tia was coughing. Hill got up and took Tia to the bathroom and waited while Tia used the toilet. Hill then took Tia back to the bedroom and lay down again. Tia continued to cough, so Hill got up again to go get a glass of water. She walked out of the bedroom, down the hall, and into the living room area. As she turned the corner toward the kitchen she noticed a fire on the stove shooting out of a pan. Before seeing the flames, she neither saw nor smelled any smoke. The smoke detector did not sound. She then alerted everyone else in the apartment, but it took perhaps thirty seconds to get Jackson and Graddick to come out of their room, yet they were the first

two out the apartment door. As the smoke and flames grew, Smith, who had Tia, left next. Unfortunately, Hill lost contact with the others in the smoke and tripped and fell. Somehow the door closed, and she was unable to open it. After several minutes, Jackson returned, opened the door, and pulled Hill out of the apartment. Hill was severely burned.

Hill claims in her suit that Tschannen and Woodruff failed to install statutorily required smoke detectors in adequate number and failed to maintain the smoke detector in the apartment. She alleges that the smoke detector did not sound and that if it had, there would have been more time for all to escape.

Many of the issues raised by the separate appeals are the same or based on the same facts; therefore, the issues raised in the two appeals will be addressed together.

1. Tschannen's claim that Hill has waived certain arguments because she is raising them for the first time on appeal is without merit because our review of the record shows that they were raised below.

2. Hill contends that the trial court erred by granting summary judgment because there remain issues of fact regarding whether Tschannen and Woodruff, as his agent, failed to install the correct type and number of smoke detectors in apartment 101-D and failed to properly locate the only smoke detector, all as required by local ordinance, code, or statute, or their duty of care. Hill also contends that Woodruff, as agent for Tschannen, negligently failed to inspect the apartments to ensure code compliance both before and at the time it returned management of the apartments to Tschannen. Finally, Hill contends a jury must decide whether the above failures were the proximate cause of her injuries.

(a) *Statutory Duties Regarding Installation of Smoke Detectors.*

Hill alleges that Tschannen and Woodruff failed to comply with a local Macon ordinance regarding the required type, number, and location of smoke detectors in the building.

We must first address whether the ordinance is preempted by state statute. OCGA § 25-2-40 (a) (2) requires that apartments constructed prior to July 1, 1987, which includes the apartment building at issue here, have "an approved *battery operated* smoke detector which shall be maintained in good working order. . . ." (Emphasis supplied.) Yet, the applicable local ordinance provides that apartment buildings must have smoke detectors that are continuously powered from the building's electrical system. See Life Safety Code, 1991 edition, § 19-3.4.4.1. See also City Code of Macon, Georgia, Section 9-2 (a), which adopts and incorporates the Life Safety Code, 1991 edition.

The 1983 Georgia Constitution provides that laws of a general nature shall preempt local laws on the same subject, except that local laws on the same subject as general legislation may be enacted if the general law authorizes the local government to do so and if the local law does not conflict with the general law. Ga. Const. of 1983, Art. III, Sec. VI, Par. IV (a); see also id., Art. IX, Sec. II, Par. I (c). See also *Franklin County v. Fieldale Farms Corp.*, 270 Ga. 272, 275 (2) (507 SE2d 460) (1998). The Supreme Court of Georgia has explained that preemption may be inferred generally from the comprehensive nature of the state law and its implementing regulations. *Fieldale Farms*, 270 Ga. at 276 (4). With regard to conflicts, there is none if the local law does not impair the general law, but rather augments and strengthens it. Id. at 275 (2).

The Macon ordinance conflicts with and provides a more strict requirement for apartment buildings constructed prior to July 1, 1987, than the state statute. Under the Macon ordinance, a state-required, battery-operated detector would be insufficient. Accordingly, the ordinance would hinder operation of the state law rather than augment or strengthen it. See *Thompson v. Hill*, 143 Ga. App. 272 (238 SE2d 271) (1977) (decided under 1976 Constitution) (city ordinance regulating left turns was preempted by state law where ordinance placed higher duty on driver than state law). Compare *Grovenstein v. Effingham County*, 262 Ga. 45, 47 (1) (414 SE2d 207) (1992) (county ordinance did not hinder operation of state law where it prohibited alcohol sales to minors under more specific circumstances than the state law). Accordingly, the local law is preempted by the state law. Because we find that the Macon ordinance conflicts with OCGA § 25-2-40 (a) (2), we need not address whether Macon was authorized by state law to enact the ordinance in the first place.

The evidence is undisputed that Tschannen and Woodruff had complied with OCGA § 25-2-40 (a) (2): the apartment building had battery-operated smoke detectors installed on the wall going to the bedrooms. And subsection (g) provides that evidence of failure to maintain a smoke detector in good working order cannot be considered evidence of negligence in a civil case:

> Failure to maintain a smoke detector in good working order in a dwelling, dwelling unit, or other facility listed in subsection (a) of this Code section in violation of this Code section shall not be considered evidence of negligence, shall not be considered by the court on any question of liability of any person, corporation, or insurer, shall not be any basis for cancellation of coverage or increase in insurance rates, and shall not diminish any recovery for damages arising out of the ownership, maintenance, or occupancy of such dwelling,

dwelling unit, or other facility listed in subsection (a) of this Code section.

OCGA § 25-2-40 (g). See also *Wadkins v. Smallwood,* 243 Ga. App. 134, 136-137 (1) (530 SE2d 498) (2000). Hill's claims for failure to install and maintain statutorily required smoke detectors must fail.

(b) *Other Duties.*

Hill also claims that Tschannen and Woodruff violated their general statutory and common law duties of care, as provided by OCGA §§ 51-3-1 and 44-7-13, by failing to maintain the smoke detectors. But this Court addressed the same question in *Wadkins* and held: "It is well established that specific statutes govern over more general statutes where they are in conflict. And because subsection (g) [of OCGA § 25-2-40] was enacted more recently than the older statutes, it controls because the legislature is presumed to know what the existing law was at the time and the effects of this change." (Footnotes omitted.) *Wadkins,* 243 Ga. App. at 137 (1). Therefore, OCGA § 25-2-40 (g) precludes admission of evidence of failure to maintain a battery-operated smoke detector even in connection with a claim of breach of more general duties. *Wadkins,* 243 Ga. App. at 137 (1). *Denise v. Cannon,* 219 Ga. App. 765 (466 SE2d 885) (1996), is not controlling. That case does not consider the application of OCGA § 25-2-40 to the issues presented. Furthermore, in that case, there was evidence that the landlord was aware of problems with the smoke alarm system. Id. at 767.

Because the undisputed evidence shows that Tschannen and Woodruff complied with state law regarding installation of smoke detectors and because evidence of failure to maintain the detectors is inadmissible, the trial court correctly granted summary judgment to these two defendants. Our decision resolves all of the remaining arguments and enumerations of error.

*Judgment affirmed. Andrews, P. J., concurs. Barnes, J., concurs in judgment only.*

DECIDED SEPTEMBER 11, 2003 —
RECONSIDERATION DENIED NOVEMBER 24, 2003 — 

*Grist & Brock, Joel M. Grist, Jr.,* for appellant.

*Bovis, Kyle & Burch, Steven J. Kyle, Christina A. Craddock, Gray, Hedrick & Edenfield, Lloyd B. Hedrick, Jr., Daniel Bullard IV,* for appellee (case no. A03A1054).

*Zirkle & Hoffman, Charles B. Zirkle, Jr., Devon A. Atchison,* for appellee (case no. A03A1055).